# SUPERIOR COURT.

## SPRING SESSIONS.

## 1869.

HUMPHREY HUMPHRIES and WILLIAM B. TILGHMAN, trading under the name and firm of HUMPHRIES & TILGHMAN, v. JOHN W. SMITH.

A letting without any lease or agreement in writing of premises for fifty dollars a year for the purpose of erecting a distillery on them by the lessee, will constitute a renting for a year under the statute ; and if the lessee after commencing the erection of the building upon the premises, and before the completion of it, fails or becomes insolvent and abandons the work upon it, the lessor will have a lien on the lumber used in the erection of it for the rent then due him, and a right to retain it until the rent is paid, or tendered to him. But if no rent is then due to the lessor, and the lessee in consideration of his failing circumstances or insolvency, and with a view to secure the payment for the lumber to the particular creditors from whom he purchased it for the building, in preference to other creditors, resells it to such creditors, or with the like view simply assigns it by an instrument of writing to them without any price stated, but with a covenant that they were to sell it and out of the sale to pay the debt due to them for it and to hold the surplus for his use and benefit, such resale or assignment will be fraudulent and void under the statutory provisions against preferring creditors. *Rev. Code* 467, *sec.* 4, And, therefore, such creditors can not on such resale or assignment of it to them, maintain an action against the lessor to recover the value of it on his refusal to allow them to remove it from the premises.

THIS was an action on the case with a count in trover, and the usual pleas. William B. Smith and Henry Levy had entered into an arrangement with the defendant, John

2

W. Smith, to erect a distillery upon his land, and purchased lumber for it upon credit from the plaintiffs, but during the progress of the work upon it, and before the building was completed, they became involved in pecuniary embarrassments and were obliged to abandon it, and resold the lumber in it to the plaintiffs as it then stood, with the consent and approval of the defendant who told them that he would make no claim to the lumber in it and that they might take it away whenever they pleased, but afterward when they were proceeding to remove the lumber in it from his premises, he objected and would not allow them to do it, and on being asked why he had not made any such objection when they bought it of the defendant, replied that he had since learnt better how to take care of his own interests, although he at the same time complained that Smith & Levy of whom they had bought it, had paid him no rent for the premises.

*Watson*, for the defendant, upon the closing of the testimony for the plaintiff, submitted a motion for a nonsuit. In the first place there was no contract, either express or implied, between the plaintiffs and the defendant in the case. His assent to their purchasing of the lumber in the building was without consideration, entirely gratuitous, and *nudum pactum* on his part for which no action at law would lie in any form whatever as a matter of contract between them. And in the next place it was an action in tort, but his refusal merely to assent to the removal of it from his premises, without doing any act to prevent it, was not sufficient ground for an action of trover for the wrongful conversion of it under all the facts and circumstances proved. *Thorne v. Deas*, 4 *Johns.* 84. *Hyde v. Moffit*, 16 *Verm.* 271.

*Fulton*, for the plaintiffs. The defendant under the facts and circumstances proved was estopped from denying the title of the plaintiffs to the lumber in question. *Cox. v. Buck*, 3 *Strob.* 367. *Callaman v. McClure*, 47 *Barb.* 257.

The evidence was that the defendant voluntarily consented to the purchase of the lumber by the plaintiffs whilst it was yet upon his premises, and that they did so on the faith of his declaration and agreement that he would allow them to remove it whenever they pleased, and his absolute refusal afterward to allow them to do it, was equivalent to a demand and refusal and a conversion of the lumber to his own use and benefit, which would entitle the plaintiffs to recover in the action the value of it.

*By the Court.* There are three counts in the narr—two in case, and the third in trover, and there is sufficient evidence at least, to take the case to the jury on the latter count so far as the motion for a nonsuit is concerned, and it is, therefore, overruled.

The counsel for the defendant then put in evidence the record of a judgment in this court at the suit of Cannon & Allaway against William B. Smith and Henry Levy which had been assigned to the plaintiffs, and a *fi. fa.* upon it and levy of the same on the building and lumber in question, and the sale thereof under the execution to the plaintiffs, and the application of the proceeds, as follows : $50 to John W. Smith for house rent, $46 to the execution, and the balance to costs and not sufficient. They also proved that one of the plaintiffs and Mr. Fulton, as their attorney, attended the sheriff's sale of the lumber in the building and bid for it, and that the latter and another person were the only bidders at it. They also proved by the testimony of Levy that he and his partner Smith, were both insolvent when they abandoned the work upon the building.

*Fulton.* When the contract is but inducement in the action, and the plaintiff has been wrongfully or tortiously prevented from performing it, or has lost the benefit or advantages of it by the act or failure of the other party to comply with it, an action on the case—an action *ex delicto* will lie upon it. But the assignment of the judgment of Cannon & Allaway against Smith & Levy to the plaintiffs

and the *fi. fa.* subsequently sued out upon it by them, and the levy and sale of the building and lumber under it, and the purchase of it by them at such sale, was no defence to the present action, or if it was any defence to it, it was only a partial defence, or a defence *pro tanto* merely, and which could only be to the amount realized and received by them from the proceeds of the sale under it, and they were, therefore, entitled to recover the difference between that sum and the amount which the jury should consider to have been the true value of the lumber at the time when the defendant refused to allow them to remove it from his premises; because without that the defendant would be allowed to take advantage of his own wrong in that transaction.

*Watson.* The fact that the plaintiffs after the commencement of the present action took an assignment of the judgment of Cannon and Allaway against Smith & Levy, sued out an execution upon it which they had levied on the lumber in question, as the property of Smith & Levy, and had it sold and bought it at such sale as their property, was wholly inconsistent with the claim of property which was now set up to it by the plaintiffs in their own right, as the legal owners by a prior purchase of it from them, and would not only be a waiver of any such claim of property on their part, but would now absolutely debar and estop them from setting up any such claim of property in the building and lumber against the defendant, or any other person.

*Ridgely.* The gist of the action of trover is the wrongful taking or detention by one person of the property of another and converting or disposing of it to his own use, but on either of the counts filed, the counts in case, or the count in trover, the plaintiffs were bound to prove that the lumber in question was their rightful and lawful property at the time when the defendant, as they allege, refused to allow them to remove it from his premises without paying

the claim of rent which he had on account of it against Smith & Levy who had placed it there.   But if, as was alleged in the declaration, and had both been proved and admitted on the trial, that Smith & Levy were insolvent when they sold the materials in question to the plaintiffs, to secure them specially by way of preference against loss by reason of their indebtedness to them on account of the lumber which the plaintiffs had before sold to them, then it was fraudulent and void as against the defendant and every other creditor of theirs, under our statute, and conferred no legal title upon the plaintiffs to the lumber, as against him or any other creditor.   *Rev. Code* 487.   Admitting, however, for the sake of argument, that the plaintiffs had a good and valid title to the property in dispute, if Smith & Levy then owed rent to the defendant for the use and occupation of the premises, he had in law a valid lien upon the lumber and building and a perfect right to retain the possession of the property, until the amount of such rent had been paid or tendered to him.

*Fulton* replied.

*The Court, Gilpin, C. J. charged the jury.*   There having been no lease in writing, the demise of the premises for the erection of the building upon them by the defendant to Smith & Levy, was for a year at a rent of fifty dollars, and if the plaintiffs were the rightful and lawful owners of the lumber in question when the defendant refused to allow them to remove it from the premises, and there was rent then due him therefor, he had a lien on the lumber for the amount of it, and a right to retain it, or to refuse to allow it to be removed from the premises, until the rent was paid, or was legally tendered to him.   But if the defendant had no such lien and no such right to retain the lumber on the premises at that time, yet if the jury were satisfied from the evidence that Smith & Levy were then insolvent, or were in failing circumstances, and in consideration of that fact and with a view to secure the payment of a debt due from them to the plaintiffs in preference to

any other creditor or creditors of theirs, Smith & Levy assigned or resold the lumber in the unfinished building to the plaintiffs, it was fraudulent and void under the statute, and conferred no title or property in it upon the plaintiffs, and they consequently were not entitled to recover in the action, and their verdict should be for the defendant. But the instrument of writing by which Smith & Levy assigned the lumber in question to the plaintiffs, and which is in evidence before the jury, did not import or constitute a sale of it in the proper sense of that term, for no price is stated in it as paid, or is stipulated to be paid therefor by the plaintiffs to them ; on the contrary it is simply an assignment of the lumber to them by Smith & Levy with a covenant that they were to sell it, and out of the proceeds of the sale to pay the debt due to them for it, and to hold the surplus or balance for the use and benefit of the parties making the assignment ; and as it was evidently the design and object of the parties to it thus to specially prefer the plaintiffs to all their other creditors, we have no hesitation in saying that it was also illegal and void under the statute, and therefore the plaintiffs were not entitled to maintain the action for the recovery of the value of the property, and their verdict should consequently be for the defendant.